UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,            CRIMINAL NO. 16-CR-20647

v.

                              HON. LAURIE J. MICHELSON

KHODOR KEN ABOUTAAM,

          Defendant.
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Susan E. Fairchild, Assistant United States Attorney for the District, respectfully submits this Sentencing Memorandum regarding Defendant Khodor Ken Aboutaam, who is scheduled to be sentenced on September 25, 2024.

Pursuant to the Rule 11 Plea Agreement, the government does not oppose a non-custodial sentence (R.69: Plea Agreement, PageID. 789, ¶10B). Aboutaam will be deported to Canada following the resolution of this case. Due to the nature and seriousness of his conviction, it will be unlikely that he will be permitted to return to the United States.

1

I. PROCEDURAL BACKGROUND

On October 27, 2016, Aboutaam was charged in a thirty-one-count First Superseding Indictment with Visa Fraud; Alien Smuggling for Purposes of Financial Gain; Encouraging and Inducing Aliens to Illegally Enter and Reside in the United States and Money Laundering. The charged criminal activity occurred between 2003 and January 2012. The Indictment also included forfeiture allegations. An arrest warrant was issued. Aboutaam is a resident and citizen of Canada. He was born in Beirut, Lebanon (PSR, ¶43). From about 2016 until 2024, extradition proceedings were conducted to bring Aboutaam to the United States to answer for the criminal charges. Aboutaam's wife, Iram Jafri, who was the co-defendant, pleaded guilty to Alien Smuggling for Purposes of Financial Gain and on June 30, 2017, was sentenced to a term of imprisonment of 36 months' custody. She was released from the Bureau of Prisons on April 26, 2019, and was deported to Canada (PSR, ¶45). Another co-defendant was sentenced to a 36-month term of probation (PSR, p.2)

While Aboutaam was in Canada, plea negotiations were not commenced with the government because Aboutaam was challenging his extradition to the United States. The parties were only able to successfully negotiate once Aboutaam lost his appeals and knew he was finally going to be extradited.

Aboutaam made his initial appearance on April 18, 2024, and was granted a

2

$10,000 unsecured bond, with conditions that he reside with a third-party custodian in the United States until the prosecution was concluded. On July 10, 2024, Aboutaam pleaded guilty, pursuant to a Rule 11 Plea Agreement, to Count 2 of the First Superseding Indictment which charged Visa Fraud, Aiding and Abetting under 18 U.S.C. §1546(a), 18 U.S.C. §2. The Court accepted the guilty plea and took the plea agreement under advisement. The third-party custodian condition on his release has since been removed.

## II. FACTUAL BACKGROUND

A detailed description of the illegal activity engaged in by Aboutaam and his wife, Iram Jafri, is set forth in the First Superseding Indictment and the PSR (PSR, ¶¶ 8-22). Very simply, between 2003 and 2012, Aboutaam and Jafri assisted others in preparing documents to obtain fraudulent H-2A Visas, TN Visas, and permanent residency status for illegal aliens living in the United States. In the specific case which makes up the count of conviction, in November 2011, Jafri prepared an application for a H-2A Visa on behalf of B.W. in which it was falsely stated that B.W. would enter the U.S. from Canada and begin employment with a U.S. company as a temporary, seasonal agricultural worker. B.W. was already present in the United States and was working for the U.S company on a permanent basis (PSR, ¶15). After the application was approved, B.W. and his wife went to Canada and met

3

with Jafri. She then drove them to the Detroit Windsor Tunnel, where she instructed them to apply for entry based on the H-2A status. Jafri then produced a fraudulent Mexican birth certificate for B.W., which allowed him to enter the United States. His wife was not allowed to enter. After that encounter, Jafri drove B.W. and his wife across the border and entered the United States illegally (PSR, ¶17). Jafri then submitted a false TN visa application for B.W. claiming that he had a specialist degree. B.W. paid Jafri approximately $7680 for the Visa, plus an additional $1500 in cash for Jafri to represent B.W. and his wife at the border crossing (PSR, ¶18).

At all times, Aboutaam assisted Jafri in preparing the documents to obtain the fraudulent Visas and immigration documents. On occasion, he would meet directly with the aliens to discuss the process and what was needed to obtain the fraudulent documents. Aboutaam has agreed that the number of forms he fraudulently prepared, or assisted another in preparing, is between 6-24 (PSR, ¶23).

III.  SENTENCING CALCULATION

    A.  Statutory Maximum Sentences

    Count 2:  Visa Fraud, Aiding and Abetting, in violation of 18 U.S.C. §1546(a), and 18 U.S.C. §2, not more than 15 years' imprisonment, a $250,000 fine, or both. Special Assessment of $100. Class C felony.

    B.  Sentencing Guidelines Calculations.

Defendant's guidelines are as follows:

4

*Base Offense Level*

USSG §2L2.1, Visa Fraud, Level is 11

USSG 2L2.1(b)(2)(A),    6-24 forms prepared +3

Acceptance of Responsibility, USSG §3E1.1(a)   -2

Zero Point Offender, USSG 4C1.1(a) and (b)      -2

Offense Level    10

*Criminal History Category*:

Prior Convictions = 0 Points

Total is 0 points, Category I

The applicable guideline range is 6 - 12 months' imprisonment (PSR, ¶ 60)

IV.    GOVERNMENT'S RECOMMENDATION

Aboutaam falls within the sentencing guideline range of 6-12 months. Pursuant to the Rule 11 Plea Agreement, the government does not oppose a non-custodial sentence (R.69: Plea Agreement, PageID. 789, ¶10B). In addition, a personal forfeiture money judgment/order of forfeiture in the amount of $641,433.10 will be entered at the time of sentencing (R. 73: Stipulated Preliminary Order of Forfeiture, PageID. 838).  This amount represents proceeds of the fraudulent scheme.

V.    ANALYSIS OF 18 U.S.C. §3553(A) FACTORS

Any sentence imposed in this matter must appropriately take into account the factors identified in 18 U.S.C. §3553(a), and, in view of the totality of the circumstances and facts of Aboutaam's case, be reasonable. The most relevant factors for this Court to consider are as follows:

<u>Nature and Circumstances of the Offense/History and Characteristics of Defendant</u>

The felony offense committed by Aboutaam is serious. For a significant period of time, Aboutaam and his wife used their immigration consulting firm to obtain fraudulent H-2A Visas and other immigration documents for aliens. They charged the aliens substantial amounts of money for the fraudulent documents. His wife fraudulently portrayed herself as a lawyer to customers, and she was named on at least one hundred H-2A Visa applications submitted to U.S. immigration authorities. The firm name, A.J. & Associates, was also used on the fraudulent documents submitted to the U.S. immigration authorities. Aboutaam, as the President and CEO of A.J. & Associates, agreed that he prepared or assisted another in preparing 6 -24 forms (PSR, ¶ 8, ¶29). His fraudulent activities, along with his co-defendants, spanned a significant period of time and crossed international borders. His actions in preparing false documents to allow aliens to illegally enter the United States jeopardizes U.S. citizens and our national security. The integrity of our immigration documents must be protected to ensure that the immigration laws

are properly followed and enforced. Further, this country has established legal procedures for entering the United States, allowing employment in the United States and for obtaining citizenship. Aboutaam and the other co-defendants chose to ignore those rules and procedures and to assist others in illegally entering the United States and obtaining employment. Aboutaam and Jafri acted solely out of greed and for their own personal financial gain.

Aboutaam is 46 years old. He has a common law marriage with Iram Jafri, a co-defendant in this case. They have three children, ages 18, 17, and 13, all of whom reside with Jafri in Canada. When Jafri and Aboutaam were indicted in 2016, the Court allowed Jafri to be sentenced before Aboutaam to be able to return home and care for the children (PSR, ¶47). She was released from BOP custody in 2019. When initially released on bond, Aboutaam was residing with his cousin, in a third-party custodian situation. With the Court's permission he has recently moved and resides elsewhere. Aboutaam plans to return to Canada following the resolution of this case.

Aboutaam has been diagnosed with hypertension and hypercholesterolemia and takes prescribed medication. He has no history of emotional or mental health issues. He has no history or alcohol or drug use (PSR, ¶53). Aboutaam reported earning a LLB Bachelor of Law degree from the University of London, in London,

England. He has aspirations of obtaining a Master of Law degree. Aboutaam has been unemployed since January 2024. His income is derived from rental property he owns in Windsor. Aboutaam also owns two residences in Windsor valued at 3.5 million and $800,000 (PSR, ¶58). He also owns a condo in Lebanon (PSR, ¶58).

Since the indictment in 2016, Aboutaam has resided in Canada, challenging his extradition to the United States on the criminal charges. Following his appearance in Detroit on April 18, 2024, and his release on bond, he has complied with his bond conditions, and through counsel, has cooperated with the prosecution and related forfeiture proceedings.

> Need for Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment for the Offense and the Need for the Sentence to Afford Adequate Deterrence to Criminal Conduct

There is no question that Aboutaam's conduct in this case was serious and involved fraudulent activities, spanning a period of time between 2012 and 2016. Along with his wife, he prepared numerous fictitious documents for immigrants. Aboutaam has been charged, pleaded guilty, and will now be sentenced for his conduct. Like his criminal conduct, his prosecution has spanned a significant period of time. Due to the nature of the crimes, and due to the fact that he now has a felony conviction, his immigration status will likely be affected. Deterrence has likely been

8

achieved.

VI. ABOUTAAM'S REQUEST FOR DOWNWARD DEPARTURE

Aboutaam seeks a departure based on his family ties and responsibilities and his difficult childhood, USSG §5H1.6. However, his family ties and responsibilities, and his "difficult childhood" are not remarkably different than so many other immigrants who seek refuge or asylum in foreign countries, facing new beginnings and challenges.

Aboutaam was allowed to delay his adjudication in this case to allow him to care for his children, while his wife was incarcerated for 36 months. He then chose to challenge and appeal his extradition to the United States. His choices had incidental consequences such as court supervision in Canada and short terms of incarceration. Aboutaam claims to have also suffered anguish and stress based upon his choice to challenge his extradition and the resultant delay in the resolution of this case. Now, it is his turn to face the consequences of his illegal actions. His childhood experiences, while no doubt traumatizing, did not prevent him from attaining a legal education and law degree. His actions in assisting other family members both in Canada and overseas, is typical in immigrant family situations, and do not rise to the level which requires exceptional consideration by this Court.

VII. CONCLUSION

9

For the above stated reasons, and consistent with the Rule 11 plea agreement negotiated in this case, the government does not oppose a non-custodial sentence. Aboutaam will be deported to Canada, his country of citizenship, following the conclusion of this case.

Respectfully submitted,

DAWN N. ISON
United States Attorney

s/Susan E. Fairchild (P41908)
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
(313) 226-9577
E-mail: susan.fairchild@usdoj.gov

Dated:   September 19, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system.

Abed Hammoud, Attorney for Defendant

s/Susan E. Fairchild P41908
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI   48226
Phone: (313) 226-9577
E-mail: susan.fairchild@usdoj.gov
